UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-20480-CR-RUIZ/LOUIS

UNITED STATES OF AMERICA

v.

JOHN MICHAEL KREATSOULAS,

Defendant.
_____/

## FACTUAL STATEMENT

If this matter were to proceed to trial the United States Attorney's Office for the Southern District of Florida and the Environmental Crimes Section of the U.S. Department of Justice (hereinafter referred to collectively as "the United States"), through photographs, documentary evidence, and the testimony of witnesses, the United States would establish the following beyond a reasonable doubt:

1. At the relevant times, defendant **JOHN MICHAEL KREATSOULAS** was a resident of Lee County, Florida, and the owner and principal of OMNI REPTILES, INC. ("OMNI"), an unregistered Florida business located at 2007 Fitch Avenue, Alva, Florida. OMNI was engaged in the domestic and international wholesale trade of wildlife, including protected species of reptiles. OMNI shipped wholesale wildlife, including protected species of reptiles, to, among other places, Germany, and China, through among other places, Miami International Airport, in the Southern District of Florida.

1

2. The Lacey Act made it unlawful for any person to make or submit any false record, account, or label for, or any false identification of any wildlife, including reptiles and any part, product, egg, or offspring thereof, which has been, or is intended to be, exported, transported, sold, or purchased or transported in interstate or foreign commerce. 16 U.S.C. § 3372(d)(1) and (2).

3. The Lacey Act also made it "unlawful for any person – (2) to . . . export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce – (A) any . . . wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State . . .", or attempt to do so. 16 U.S.C. § 3372(a)(2)(A), 3372(a)(4).

4. Florida Administrative Code 68A-25.002, "General Provisions for Taking, Possession and Sale of Reptiles" provided in Section "(6) Turtles," Subsection "(c) Sale – No person shall buy, sell, or possess for sale turtles, their eggs or parts thereof, that have been taken from the wild."

5. Three-stripe mud turtles (*Kinosternon baurii*) and Florida mud turtles (*Kinosternon subrubrum steindachneri*), are species of fresh-water turtles subject to the provisions of Florida Administrative Code 68A-25.002.

6. From at least as early as July 2015 through in or around May 2019, **JOHN MICHAEL KREATSOULAS** knowingly and willfully conspired and agreed with others to export Florida-origin fresh-water turtles that had been taken from the wild by collectors, including at various times, three-stripe mud turtles and Florida mud turtles, the purpose of which was pecuniary gain.

7. **JOHN MICHAEL KREATSOULAS** through OMNI, using instrumentalities of

interstate and foreign commerce, would market, sell, and ship, from, among other places, Miami International Airport, the illegally acquired turtles to both interstate and foreign customers, including purchasers in Germany and China.

8. To conceal the illegal origin of the turtles, a U.S. Fish and Wildlife Services Form 3-177 was prepared for each of the international shipments which contained a false "Source" code attesting that the turtles were captive bred and not wild-caught.

9. To further conceal the illegal origin of the turtles, **JOHN MICHAEL KREATSOULAS** and another co-conspirator made and caused to be made invoices which purported to show that turtles sold to co-conspirators in Florida and outside the United States were captive bred and not wild-caught.

10. **JOHN MICHAEL KREATSOULAS** and co-conspirators benefitted from the illegal sale of the wild-caught turtles through payments remitted by interstate and foreign customers for the merchandise.

11. The readily provable market value of the turtles illegally acquired and shipped in interstate and foreign commerce as part of the relevant conduct in this matter, was at least approximately $125,000.

12. The specific details of the involvement of **JOHN MICHAEL KREATSOULAS** and co-conspirators acting in furtherance of the conspiracy are set forth in the **Overt Acts**, Paragraphs 1 through 29 of the pending Indictment, which the parties incorporate by reference, as if fully set forth herein.

13. Specific to the false records charges as set forth in Counts 2 through 5 of the

3

Indictment, on the following dates, **JOHN MICHAEL KREATSOULAS** made and caused to be made false "Commercial Invoices" and United States Fish and Wildlife Services Forms 3-177 that falsely stated turtles were "captive-bred" when in truth and in fact the defendant "hunted," collected, and captured the turtles from the wild and then exported the turtles from the U.S. through Miami International Airport: (Count 2) February 18, 2019; (Count 3) February 21, 2019; (Count 4) April 15, 2019; and (Count 5) May 1, 2019.

14. Specific to the false records charges as set forth in Counts 6 through 10 of the Indictment, on the specified dates, **JOHN MICHAEL KREATSOULAS** made and caused to be made invoices for wildlife valued in excess of $350, that falsely stated defendant purchased "captive-bred" hatchling Three-Stripe Mud Turtles from a co-conspirator, when in truth and in fact the turtles were not purchased or captive-bred, but taken by the defendant from the wild: (Count 6) between January 15, 2019 and March 17, 2019; (Count 7) On or after March 13, 2019; (Count 8) on or after March 13, 2019; (Count 9) on or after March 13, 2019; and (Count 10) on or after March 13, 2019.

## Conclusion

Based upon the foregoing, the United States respectfully submits that a reasonable jury would find **JOHN MICHAEL KREATSOULAS** guilty beyond a reasonable doubt of the offenses charged in Count 1 of the Indictment filed against him, which count charges the defendant did willfully and knowingly, with the intent to further the objects of the conspiracy, combined, conspired, confederated, and agreed with others known and unknown to a Grand Jury, to commit offenses against the United States, that is, to knowingly export wildlife, specifically various

species of wild-caught turtles, knowing that said wildlife, were taken, possessed, transported and sold in violation of the laws and regulations of Florida, that is Florida Administrative Code 68A-25.002, in violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(1)(A), and Title 18, United States Code, Section 2; and to knowingly make and submit a false record, account, and false identification of wildlife that was intended to be exported and transported in interstate and foreign commerce, and to knowingly engage in conduct that involved the sale or the offer of sale of said wildlife, with a value of greater than $350, in violation of Title 16, United States Code, Section 3372(d)(1) and (2); and 3373(d)(3)(A), all in violation of Title 18, United States Code, Section 371.

Additionally, a reasonable jury would find **JOHN MICHAEL KREATSOULAS** was guilty beyond a reasonable doubt of the offenses charged in Counts 2 through 5 of the Indictment filed against him, which charge the defendant knowingly made, and caused to be made, and submitted, a false record and account thereof for wildlife that was intended to be exported and transported in foreign commerce, in that defendant made and caused to be made "Commercial Invoices" and United States Fish and Wildlife Service Forms 3-177 that falsely stated the wildlife was "captive-bred" hatchling Three-Stripe Mud Turtles, when in truth and in fact the defendant "hunted," collected, and captured the turtles from the wild, and exported the Three-Stripe Mud Turtles from the U.S. through Miami International Airport, in the Southern District of Florida, in violation of Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A)(i); and Title 18, United States Code, Section 2.

Additionally, a reasonable jury would find **JOHN MICHAEL KREATSOULAS** guilty

beyond a reasonable doubt of the offenses charged in Counts 6 through 10 of the Indictment filed against him, which charge the defendant knowingly made and caused to be made and submitted a false record and account thereof for wildlife with a market value greater than $350.00, that is, Three-Stripe mud turtles (*Kinosternon baurii*), that were intended to be transported in interstate and foreign commerce, and did knowingly engage in conduct that involved the sale or the offer of sale of said wildlife, with a value of greater than $350, in violation of Title 16, United States Code, Section 3372(d)(1) and (2); and 3373(d)(3)(A).

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _T. W-F  by GND_
Thomas A. Watts-FitzGerald
Assistant United States Attorney

TODD KIM
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL
RESOURCES DIVISION

By: _Gary N._
Gary N. Donner
Senior Trial Attorney
Environmental Crimes Section, USDOJ

Date 02/27/2024

By: _x_____
JOHN MICHAEL KREATSOULAS
DEFENDANT

Date 02/27/2024

_Herny P. Bell_
HERNY P. BELL, ESQ.
COUNSEL FOR DEFENDANT